**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Lori Ann Clemmer <u>Debtor</u> | CHAPTER 13 |
| MIDFIRST BANK <u>Movant</u> vs. | NO. 17-15809 JKF |
| Lori Ann Clemmer <u>Debtor</u> | |
| Scott F. Waterman, Esquire <u>Trustee</u> | 11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The Debtor shall become fully post-petition current by making a payment in the amount of $954.55 by February 29, 2020, which represents two monthly payments for January 2020 and February 2020 in the amount of $680.31 each, less a suspense balance of $406.07.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due March 2020 in the amount of $680.31.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date:   January 30, 2020                          By: /s/ Rebecca A. Solarz, Esquire
                                                   Attorney for Movant

Date:   February 4, 2020                          /s/ James W. Zerillo, Esquire
                                                  James W. Zerillo, Esquire
                                                  Attorney for Debtor

Date:   February 5, 2020                          /s/ Polly A. Langdon, Esquire for
                                                  Scott F. Waterman, Esquire
                                                  Attorney for Debtor

Approved by the Court this ____ day of _____, 2020.  However, the court retains discretion regarding entry of any further order.

                                                  _____
                                                  Bankruptcy Judge
                                                  Jean K. FitzSimon